## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRYANT HARVEY, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-384-NJR** |
| | ) | |
| | ) | |
| **WEXFORD HEALTH SOURCES, JOHN** | ) | |
| **VARGA, DEEDEE BROOKHART,** | ) | |
| **MERRILL J. ZAHTZ, LORIE** | ) | |
| **CUNNINGHAM, AMBER ALLEN,** | ) | |
| **MICHAEL REMMERS, SHELIA** | ) | |
| **LEWIS, RUSSELL GOINS, TAMMY** | ) | |
| **WELTY, MATT BOESECKER, C/O** | ) | |
| **FIERO, LT. DEWEESE, C/O** | ) | |
| **MARSHALL, C/O CARTER, C/O** | ) | |
| **GOBLE, C/O PERKINS, LT.** | ) | |
| **MCDONALD, SGT. ACKERMAN, LT.** | ) | |
| **ECKLEBERRY, ROB JEFFREYS, and** | ) | |
| **JOHN BALDWIN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Bryant Harvey, Jr., an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was housed at both Dixon Correctional Center ("Dixon") and Lawrence. In the Complaint, Plaintiff alleges Defendants were deliberately indifferent to his conditions of confinement and his medical needs. He asserts claims against the defendants under the Eighth and First Amendments, as well as the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Rehabilitation Act

1

("RA"), 29 U.S.C. §§ 794–94e. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint:  Plaintiff is a handicapped individual who is wheelchair bound and suffers from sickle cell anemia (Doc. 1, p. 11). He has also been diagnosed with avascular necrosis in both shoulders and hips, bi-con cave of the vertebras in his lower back, and acute chest syndrome of his lungs which causes him to need daily oxygen (*Id*.). He has been informed by Carle Hospital that he needs surgery or his body will continue to deteriorate and his condition might be fatal (*Id*. at p. 30).

In June 2018 while still at Dixon, Plaintiff was approved for hip surgery and he was scheduled for a consultation in July 2018. To prevent Plaintiff from attending the consultation, Allen, the healthcare unit administrator, and Zahtz, the medical director, removed his medical hold and submitted him for a transfer to Lawrence (*Id*. at p. 12). He informed Warden Varga about his need for surgery and the attempt to transfer him, but Varga failed to help him (*Id*. at p. 17). While still at Dixon, Plaintiff was placed in a cell without running water, toilet, or a table (*Id*. at p. 12). He informed Varga, Remmers, and Baldwin about the conditions but they did not move him (*Id*. at pp. 12-13). Another correctional officer eventually moved him to another cell, but he was moved

back to a non-ADA cell a few days later (*Id*. at p. 13). He again told Remmer that he was not in a proper cell, and Remmer told him that he would continue to be punished for writing grievances (*Id*. at p. 14). He also informed Zahtz about the condition of his cell and his need for surgery and Zahtz told him that he would place him in an ADA cell. Zahtz also informed Plaintiff that Wexford did not want to pay for his surgery (*Id*.). He later requested that Zahtz renew his pain medication, but he was ignored (*Id*.). He wrote requests to Varga and Baldwin asking to be removed from the cell (*Id.* at p. 16). Remmer informed Plaintiff that he would have him transferred so that he would not receive the surgeries that he needed (*Id*. at p. 16).

After Plaintiff transferred to Lawrence, he spoke to Dr. Lynn Pittman about his approved hip surgery and Dr. Ritz told her that Plaintiff's x-rays and request would need to be re-presented for review due to his transfer (Doc. 1, p. 17). He wrote Brookhart about his need for surgery, his continued pain, and the recommendation for surgery from the University of Illinois Hospital at Chicago ("UIC"), but his request was ignored (*Id*. at p. 17).

On July 14, 2019, Plaintiff had trouble breathing and asked Boesecker and Lewis to go to the healthcare unit but they refused (Doc. 1, p. 18). A few hours later, Plaintiff started convulsing and fell out of his wheelchair (*Id*.). He previously had breathing treatments and Welty made him finish early because the machine was too loud (*Id*.).

On August 1, 2019, Fiero attempted to poison Plaintiff by placing bleach in his ice in retaliation for filing grievances (Doc. 1, p. 19).

Plaintiff was later placed in a non-ADA cell with no access to a toilet (Doc. 1, p. 19). He was forced to crawl on the floor and was not provided with an attendant. He requested a transfer to an ADA cell from Kelly but was not moved (*Id*.). He also sent requests for proper accommodations to Brookhart, Goins, Cunningham, and Jeffreys (*Id*. at pp. 20-21). He was denied

3

meals by Marshall on several occasions because he could not crawl fast enough to the cell door when the feed chuck was opened (*Id*.). He also asked DeWeese, Marshall, Carter, Goble, Perkins, McDonald, Ackerman, and Eckleberry, officers in his housing unit, for proper placement but they refused to assist him (*Id*. at pp. 20-22). Goble also refused to allow an assistant to push Plaintiff to the healthcare unit despite having an order for a wheelchair pusher (*Id*. at p. 23).

On January 7, 2020, he wrote letters to Brookhart and Jeffreys asking for his approved and recommended surgeries (Doc. 1, p. 21). He informed Brookhart in an emergency grievance that he was not receiving proper treatment and that his condition was deteriorating causing him to be unable to care for himself. He informed her that he needed an assistant to help him access the toilet. She denied the grievance (*Id*. at p. 22). He was denied pain medications on numerous occasions by Welty (*Id*. at pp. 22-23). He informed Goins of Welty's actions but, but he failed to provide him with proper medical treatment (*Id*. at p. 23). His lack of pain medications has also caused his condition to deteriorate (*Id*.).

Plaintiff was placed in the infirmary, but he was not provided with a bed. Instead he was provided with a reclining chair (Doc. 1, p. 24). He informed Cunningham, Goins, and Brookhart about his lack of bed, but they informed it was still on order. He also asked Brookhart and Cunningham for a transfer so that he would be closer to Carle Hospital, where he was receiving treatment, but they refused (*Id*.). Carle requested a transfer for Plaintiff so that he was closer to UIC where his procedures could begin, but Brookhart and Cunningham refused the transfer (*Id*.). He also alleges that Goins and Jeffreys failed to transfer him to a facility closer to UIC. Dr. Pittman, the medical director at Lawrence, also asked that he be transferred but still he is refused a transfer and his condition continues to worsen (*Id*. at p. 25). Dr. Pittman also ordered that he receive I.V. fluids but the nurses were unable to get the I.V. started and told Plaintiff that Welty would put the

4

I.V. in later (*Id*. at p. 26). Welty never put in the I.V. as was ordered by Dr. Pittman. Because he has not received his needed surgery, Plaintiff is now bedridden, has no use of his arms and shoulders, and needs 24-hour care (*Id*. at p. 29).

Plaintiff further alleges that his improper care was caused by Wexford Health Sources' policies of not paying for needed surgeries, haphazardly treating inmates, and disregarding recommendations on medical treatment (*Id*. at p. 27).

## Preliminary Dismissals

Plaintiff identifies a number of individuals in the body of his Complaint that he fails to identify as defendants or list in the caption of his Complaint. This includes allegations against Jane Doe Nurses, Counselor Gray, C/O Kilmer, and Dr. Ritz. To the extent that Plaintiff attempts to bring claims against these individuals who are included in the case caption, these individuals will not be treated as defendants in this case, and any claims against them should be considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption").

Plaintiff also alleges that grievance officer Livingston denied every grievance he sent and failed to properly investigate his claims (Doc. 1, pp. 19 and 28). But the denial or mishandling of a grievance does not amount to a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Because Plaintiff only alleges that Livingston denied and did not properly investigation his grievances, the claims against her are **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following ten counts:

**Count 1:**      **Allen, Zahtz, Remmers, and Varga were deliberately indifferent under the Eighth Amendment to Plaintiff's medical needs while at Dixon.**

**Count 2:**      **Varga, Baldwin, and Remmers were deliberately indifferent under the Eighth Amendment to Plaintiff's need for an ADA accessible cell while at Dixon.**

**Count 3:**      **Defendants at Dixon violated Plaintiff's rights under the ADA and RA when they failed to provide him with an ADA accessible cell.**

**Count 4:**      **Remmers retaliated against Plaintiff in violation of the First Amendment by refusing to remove Plaintiff from an inaccessible cell.**

**Count 5:**      **Fiero retaliated against Plaintiff in violation of the First Amendment by putting bleach in Plaintiff's ice.**

**Count 6:**      **Defendants Goins, Kelly, DeWeese, Marshall, Carter, Brookhart, Jeffreys, Goble, Perkins, McDonald, Ackerman, and Eckleberry were deliberately indifferent under the Eighth Amendment to Plaintiff's need for an ADA accessible cell and other assistance at Lawrence.**

**Count 7:**      **Defendants at Lawrence violated Plaintiff's rights under the ADA and RA when they failed to provide him with an ADA accessible cell.**

**Count 8:**      **Lewis, Boesecker, and Welty were deliberately indifferent under the Eighth Amendment to Plaintiff's need for breathing treatments.**

**Count 9:**      **Jeffreys, Brookhart, Cunningham, Goins, and Welty were deliberately indifferent under the Eighth Amendment to Plaintiff's need for medical care including the need for surgery, pain medications, and access to a wheelchair assistant.**

**Count 10:**     **Wexford was deliberately indifferent under the Eighth Amendment to Plaintiff's medical needs by having policies and**

> **practices that prevented Plaintiff from obtaining surgery and medical care while at Dixon and Lawrence.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Severance

Plaintiff's Count 5 retaliation claim against Fiero is unrelated to the other claims in this case. Accordingly, consistent with *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) and Federal Rules of Civil Procedure 18 and 20, the Court will sever Count 5 into a separate action against Defendant Fiero and will open a new case with a newly-assigned case number.

### Count 1

At this stage, Plaintiff states a viable claim for deliberate indifference to his medical needs against Allen, Zahtz, Remmers, and Varga. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

### Count 2

He also states a viable claim for unconstitutional conditions of confinement at Dixon against Varga, Baldwin, and Remmers. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Dixon v. Godinez,* 114 F.3d 640, 643 (7th Cir.1997).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 3**

Plaintiff's allegations are also sufficient to articulate a colorable ADA and/or RA claim. This claim cannot proceed against the individual defendants, however, because individual employees of IDOC cannot be sued under the ADA or the RA. *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). As such, Rob Jeffreys, the IDOC Director, is in the case, in his official capacity only, for purposes of Plaintiff's ADA/RA claim.

**Count 4**

Plaintiff also states a viable retaliation claim against Remmers. *Antoine v. Ramos*, 497 F. App'x 631, 633-34 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

**Count 6**

He also states a viable unconstitutional conditions of confinement claim at Lawrence against Goins, Kelly, DeWeese, Marshall, Carter, Brookhart, Jeffreys, Goble, Perkins, McDonald, Ackerman, and Eckleberry. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Dixon v. Godinez,* 114 F.3d 640, 643 (7th Cir.1997).

**Count 7**

Plaintiff also states a viable ADA and/or RA claim for his conditions at Lawrence. Accordingly, Count 7 will proceed against Rob Jeffreys (official capacity only).

**Count 8**

Plaintiff also states a viable claim for deliberate indifference to his medical needs against Lewis, Boesecker, and Welty. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839

F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

## Count 9

Plaintiff states a viable claim for deliberate indifference to medical needs against Jeffreys, Brookhart, Cunningham, Goins, and Welty. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). But he cannot proceed with claims for monetary damages against them in their official capacities. *See Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). To the extent Plaintiff seeks injunctive relief, only the official capacity claim against Rob Jeffreys remains. All other official capacity claims are **DISMISSED without prejudice**.

## Count 10

Plaintiff also states a viable claim against Wexford for their policies and practices. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).

### Temporary Restraining Order and/or Preliminary Injunction

Along with his Complaint, Plaintiff filed a motion for temporary restraining order and preliminary injunction (Doc. 4). Plaintiff alleges that he needs multiple surgeries due to his avascular necrosis and sickle cell disease. Only UIC is willing to do the surgeries, the first of which would be on his hips, but he is being refused a transfer to a prison closer to the hospital as requested by UIC. Plaintiff asks to be transferred to a prison closer to UIC, as well as an appointment with a specialist to determine when surgery can take place.

A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the

movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). Plaintiff has not shown that he will suffer any immediate injury such that he cannot wait for a response from the Court. His request for TRO is **DENIED**. The Court does, however, find Plaintiff's allegations concerning as he alleges a deteriorating condition leaving him currently bedridden. Because of the seriousness of the allegations, the Court **DIRECTS** Rob Jeffreys and Wexford Health Sources to respond in an expedited fashion. Responses to Plaintiff's motion for preliminary injunction shall be filed on or before **May 15, 2020**.

### Motion to Appoint Counsel

Given the seriousness and breadth of the allegations, the Court finds that counsel is warranted in this case. The Court will appoint counsel by separate order.

### Disposition

For the reasons stated above, Grievance Officer Livingston is **DISMISSED without prejudice** and the Clerk is **DIRECTED** that terminate Livingston from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**COUNT 5** is **SEVERED** into a new case against C/O Fiero. In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;

- The Complaint (Doc. 1);

- Plaintiff's motion to proceed in forma pauperis (Doc. 2); and

- Plaintiff's motion for recruitment of counsel (Doc. 3)

The claims that remain in this case are **Counts 1-4 and 6-10**.

Count 1 shall proceed against Amber Allen, Merrill Zahtz, Michael Remmers, and John Varga. Count 2 shall proceed against Varga, John Baldwin, and Michael Remmers. Count 3 shall proceed against Rob Jeffreys (official capacity only). Count 4 shall proceed against Remmers. Count 6 shall proceed against Russel Goins, Correctional Officer ("CO") Kelly, Lieutenant ("Lt.") DeWeese, C/O Marshall, C/O Carter, DeeDee Brookhart, Rob Jeffreys (individual capacity), C/O Goble, C/O Perkins, Lt. McDonald, Sergeant ("Sgt.") Ackerman, and Lt. Eckleberry. Count 7 shall proceed against Rob Jeffreys (official capacity only). Count 8 shall proceed against Sheila Lewis, Matt Boesecker, and Tammy Welty. Count 9 shall proceed against Rob Jeffreys (official and individual capacity), DeeDee Brookhart, Lori Cunningham, Russell Goins, and Tammy Welty. Count 10 shall proceed against Wexford Health Sources.

 The Clerk of Court shall prepare for Defendants Wexford Health Sources, John Varga, DeeDee Brookhart, Merrill Zahtz, Lori Cunningham, Amber Allen, Michael Remmers, Sheila Lewis, Russell Goins, Tammy Welty, Matt Boesecker, C/O Kelly, Lt. Deweese, C/O Marshall, C/O Carter, C/O Goble, C/O Perkins, Lt. McDonald, Sgt. Ackerman, Lt. Eckleberry, Rob Jeffreys (official and individual capacity), and John Baldwin: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  5/1/2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**